Sidney A. Fine, J.
The notice of sale describes Rotwein as the attorney for defendant corporation and. states that its principal address in this city is Rotwein’s office. Rotwein has appeared specially, contending that the corporation was not properly served. His affidavit, however, attempts to argue the merits of the motion. On the hearing before the court on January 25, 1961, Rotwein stated, “I am .appearing for Transcontinental Oil Corporation specially for purposes of this motion,” but he, nevertheless, repeatedly contended that the plaintiffs in the two actions had no case and were not entitled to relief. Indeed, he took the position that he had the right, on a special appearance, to argue the merits. Warned by plaintiff’s attorney that argument of the merits would constitute a general appearance, Rotwein said, “I’ll take the consequences of that ”. He went so far as to request that plaintiffs be required to give a $2,500 bond if the injunction were granted. By resisting the motions on the merits, the defendant corporation waived its special appearance and appeared generally (Civ. Prac. Act, § 237-a, subd. 1). Moreover, said subdivision of section 237-a of the Civil Practice Act, provides that if the special appearance is not followed by a motion to set aside service, it is deemed waived. No such motion has been made. It appears, from the minutes above referred to, that the sale was not made at the time advertised. As far as appears, it has not yet been made.
Proper protection of the rights of the plaintiffs in this action and a companion action, requires the granting of the preliminary injunction applied for so that the status quo may be maintained pending the trial. If defendants so desire, they may submit an order containing appropriate provisions for a prompt trial. Each plaintiff is to furnish a $2,500 bond.